# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:09cv389-RJC-DCK

| | |
|---|---|
| MINACCA, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STEVEN SINGH, )<br>)<br>Defendant. )<br>) | ORDER |

**THIS MATTER** is before the Court on the defendant Stephen Singh's motion to dismiss and compel arbitration pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 7); the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 12); and the objection and reply to the M&R filed by the parties (Doc. Nos. 14 & 15). The matter is now ripe for the Court's review.

## I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. While Minnacca does allege that the Magistrate Judge's holding is "erroneous as a matter of fact and law" (Doc. No. 14 at 1), the plaintiff does not allege any specific factual discrepancies in its objections to the M&R. Therefore, the Court adopts in full the facts and procedural background as set forth in the M&R.

## II. STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). "By contrast,

in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's M&R.

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III. DISCUSSION

Minnacca objects to the Magistrate Judge's conclusion that its claims are subject to the

2

arbitration clause included in the parties' written agreement to purchase Singh's ownership interest in Minnacca (the "Purchase Agreement"). Minnacca maintains that the entirety of its claims are outside the scope of arbitration as intended by the parties. The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*, applies to written arbitration agreements. The United States Supreme Court has recognized that the FAA establishes a "liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). "[D]ismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir. 2001) (citing Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992)).

"[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." Green Tree Fin. Corporation-Alabama v. Randolph, 531 U.S. 79, 91 (2000). When a party challenges the enforceability of an arbitration agreement, "[t]here is a presumption of arbitrability in the sense that 'an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" Washington Square Sec., Inc. v. Aune, 385 F.3d 432, 436 (4th Cir. 2004) (quoting AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 650 (1986)). When reviewing the enforceability of arbitration agreements, state contract law should control. Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 87 (4th Cir. 2005); See also Hill v. PeopleSoft USA, Inc., 412 F.3d 540, 543 (4th Cir. 2005).

### A. The Arbitration Clause is neither Unconscionable nor Against Public Policy

Minnacca first argues that no reasonable interpretation of the arbitration clause would subject Minnacca's claims to arbitration, because such an interpretation would render the clause void as

unconscionable and against public policy. The arbitration clause states:

> If a dispute or claim shall arise between the parties with respect to any of the terms or provisions of this Agreement, or with respect to the performance by any of the parties under this Agreement, then the parties agree that the dispute shall be arbitrated . . . before a single arbitrator, in accordance with the rules of the American Arbitration Association. The arbitrator shall have no power to alter or modify any express provisions of this Agreement or to render any award which by its terms affects any such alteration or modification.

(Doc. No. 1-1 at 4 ¶ 5).

Under North Carolina law, an agreement is unconscionable "only when the inequality of the bargain is so manifest as to shock the judgment of a person of common sense, and where the terms are so oppressive that no reasonable person would make them on the one hand, and no honest and fair person would accept them on the other." Brenner v. Little Red Sch. House, Ltd., 274 S.E.2d 206, 210 (N.C. 1981). To show that a contract is unconscionable, a plaintiff must establish both procedural and substantive unconscionability. Tillman v. Commercial Credit Loans, Inc., 655 S.E.2d 362, 370 (N.C. 2008). Procedural unconscionability is "bargaining naughtiness" manifested as "unfair surprise, lack of meaningful choice, and an inequality of bargaining power." Id. Substantive unconscionability occurs when contract terms themselves are egregiously one-sided. Id. Similarly, a contract is void as against public policy if tendering performance "violates statutory provisions relating to the subject" of that contract. Weyerhaeuser Co. v. Carolina Power & Light Co., 127 S.E.2d 539, 542-43 (N.C. 1962).

Here, Minnacca argues that if the arbitration clause is given effect, the language depriving the arbitrator of power to alter or modify express provisions of the Purchase Agreement would essentially waive Minnacca's claims for relief, resulting in both substantive and procedural unconscionability. Minnacca also argues that such an interpretation of the arbitration clause violates public policy, as it would essentially force Minnacca to perform under a fraudulent contract in

violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75.1-1.

There is no indication that an inequality in bargaining power rendered the terms of the arbitration clause procedurally unconscionable. Minnacca alleges that Singh exploited the trust of Niki Kapoor, the Minnacca officer who negotiated the terms of the Purchase Agreement, by misrepresenting the financial condition of the company. However, this allegation does not suggest that the arbitration clause itself was procedurally unconscionable. While a court can review the enforceability of arbitration agreements on the same grounds of law and equity as in contracts, see 9 U.S.C. § 2, the scope of this review "must relate specifically to the arbitration clause and not just to the contract as a whole." Hooters of Am., Inc. v. Phillips, 173 F.3d 933, 938 (4th Cir. 1999) (citing Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 402-04 (1967)). Even if Kapoor was indeed mislead by Singh's valuation of the company, it would not have created unequal bargaining power or unfair surprise with respect to the parties' agreement to arbitrate.

Furthermore, Minnacca's interpretation of the arbitration clause as a complete waiver of its rights to relief is simply erroneous. The language of the clause purporting to deprive the arbitrator of authority to alter or modify express provisions of the Purchase Agreement would not prevent Minnacca from obtaining an adequate remedy through arbitration. Arbitrators, like courts, will not rewrite the express provisions of an agreement between parties. See Cherry, Bekaert & Holland v. Worsham, 344 S.E.2d 97, 100 (N.C. Ct. App. 1986) ("The court cannot under the guise of interpretation rewrite the contract for the parties."). However, nothing in this restriction would prevent the arbitrator from invalidating the Purchase Agreement in part or whole and assigning damages, if, as Minnacca contends, the Agreement was made under fraud or mistake. See Snowden v. Checkpoint Check Cashing, 290 F.3d 631, 638-39 (4th Cir. 2002) (quoting Johnson v. West Suburban Bank, 225 F.3d 366, 374 (3d Cir. 2000) ("[A]rbitrators possess the power to fashion the

5

same relief as courts."). Thus, submission of Minnacca's claims to arbitration is neither procedurally nor substantively unconscionable, nor is it against North Carolina public policy.

**B. The Arbitration Clause Clearly Expresses the Parties' Intention to Arbitrate**

Minnacca also argues that other provisions of the Purchase Agreement conflict with a broad interpretation of the arbitration clause, thereby negating the parties' intention to arbitrate Minnacca's claims. Specifically, Minnacca argues that a promissory note, incorporated into the Purchase Agreement by reference, negates an intent to arbitrate all claims because it states that "[i]f any term, covenant, condition or provision of this Note is held by a court of competent jurisdiction to be invalid . . . it is the parties' intent that such provision be reduced in scope by the court . . . ." (Doc. No. 1-1 at 7 ¶ 6).

However, this provision of the promissory note should not override the plain language of the arbitration clause. While the arbitration clause evidences an affirmative agreement to arbitrate a "dispute or claim" arising under the Purchase Agreement, the promissory note merely includes a passive, conditional statement of the parties' intent "if" provisions of the note are subsequently held unenforceable by a court. North Carolina courts have long held that when interpreting contracts, a court may not "reject what the parties inserted" or to "write into the contract any provision that is not there in fact or by implication of law." Hartford Accident & Indemnity Co. v. Hood, 40 S.E.2d 198, 201-202 (N.C. 1946). To the extent this language in the promissory note suggests an ambiguity whether the parties intended to arbitrate, the ambiguity is cured by the express language of the arbitration clause. See Roberts v. Roberts, 618 S.E.2d 761, 765 (N.C. Ct. App. 2005) (citing Franzen v. Franzen, 520 S.E.2d 74, 76 (N.C. Ct. App. 1999) (clear and unambiguous provisions of an agreement resolve any purported "conflict" created by ambiguous provisions found elsewhere in the agreement). The parties' intention to arbitrate all claims or disputes arising under the Purchase

Agreement is therefore clearly and unambiguously expressed. Moreover, Minnacca's claims fall within the scope of arbitration contemplated by the parties.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the defendant's motion to dismiss and compel arbitration (Doc. No.7) is **GRANTED**, and the plaintiff's complaint (Doc. No. 1) is therefore **DISMISSED**. The plaintiff and defendant are hereby **ORDERED** to submit all claims in this litigation to arbitration pursuant to the terms of their arbitration agreement.

**SO ORDERED**.

Signed: July 1, 2010

Robert J. Conrad, Jr.
Chief United States District Judge